# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RMO INVESTMENTS, LLC AND RMO PROPERTIES, LLC  *<br>*<br>*Plaintiff*  *<br>*<br>VERSUS  *<br>*<br>GREAT LAKES INSURANCE SE AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON  *<br>*<br>*<br>*Defendants*  *<br>* | | CIVIL ACTION NO.<br><br><br><br>JUDGE _____<br><br><br><br><br>MAGISTRATE JUDGE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel comes complainants **RMO INVESTMENTS, LLC** and **RMO PROPERTIES, LLC**, (hereinafter "Complainants"), who file their Complaint for Damages against Defendants, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** respectfully averring as follows:

**I. PARTIES**

1.

Plaintiff is **RMO INVESTMENTS, LLC**, a Louisiana Limited Liability Company, authorized to and doing business in the Parish of Calcasieu, Louisiana

2.

Plaintiff is **RMO PROPERTIES, LLC**, a Louisiana Limited Liability Company, authorized to and doing business in the Parish of Calcasieu, Louisiana

3.

Made Defendants are **GREAT LAKES INSURANCE SE**, a foreign insurance corporation domiciled in the State of New York with its principal place of business in the State of New York and authorized to do and doing business in the State of Louisiana, and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** a foreign insurance corporation domiciled in the State of New York with its principal place of business in the State of New York and authorized to do and doing business in the State of Louisiana, both of whom may be served through their registered agent for service of process, Hon. R. Kyle Ardoin, Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70801.

II. **JURISDICTION AND VENUE**

4.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Western District of Louisiana, Lake Charles Division because the property that is subject of this action and where the damages were sustained occurred within the Western District of Louisiana, Lake Charles Division.

III. **RELEVANT FACTS**

6.

At all times relevant hereto, Complainants owned the following properties (hereinafter collectively the "Property") located at:

1. 1304 15th Street, Lake Charles, LA 70601
2. 1304 ½ 5th Street, Lake Charles, LA 70601
3. 4228 Worthy Drive, Lake Charles, LA 70607
4. 720 A Live Oak Street, Lake Charles, LA 70601
5. 720 B Live Oak Street, Lake Charles, LA 70601
6. 522 Belden Street, Lake Charles, LA 70601
7. 2213 Gulfway Boulevard, Westlake, LA 70669
8. 1905 8th Street, Lake Charles, LA 70601
9. 2126 13th Street, Lake Charles, LA 70601
10. 1509 Sage Street, Lake Charles, LA 70601
11. 2608 8th Street, Lake Charles, LA 70601
12. 914 17th Street, Lake Charles, LA 70601
13. 912 17th Street, Lake Charles, LA 70601
14. 2626 Bank Street, Lake Charles, LA 70601
15. 910 A & B 14th Street, Lake Charles, LA 70601
16. 2811 1st Avenue, Lake Charles, LA 70601
17. 2002 & 2002 ½ 2nd Avenue, Lake Charles, LA 70601
18. 2311 Hodges Street, Lake Charles, LA 70601
19. 2309 Hodges Street, Lake Charles, LA 70601
20. 1207 17th Street, Lake Charles, LA 70601
21. 4115 Worthy Drive, Lake Charles, LA 70607
22. 1405 Cactus Drive, Lake Charles, LA 70607
23. 1708 8th Avenue, Lake Charles, LA 70601
24. 804 Boice Street, Sulphur, LA 70663
25. 808 Boice Street, Sulphur, LA 70663

7.

At all times relevant hereto, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** provided a policy of insurance, number **GLL2000195** (the "Policy"), to Complainants covering the Property against perils including hurricanes, and provided the following types of coverages commonly known as Dwelling, Contents/Personal Property, Business Interruption, and Loss of Use.

**A. Hurricane Laura**

8.

On or around August 27, 2020, Hurricane Laura caused significant damages to the Complainants' Property.

9.

Complainants promptly reported the loss to **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**, who assigned claim number **74478** (the "Laura Claim")

10.

As soon as practicable, Complainants took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

11.

On **September 16, September 17, September 18, September 25, October 15, and October 16, 2020**, an adjuster acting on behalf of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** inspected the property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and his inspection was not limited by the Complainants in any way.

12.

The inspection of the Property on behalf of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

13.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to the Complainants based upon the inadequate inspection.

14.

Complainants were unable to make meaningful repairs to their Property with the insufficient proceeds allowed by **GREAT LAKES INSURANCE SE**.

**B. Hurricane Delta**

15.

On or around October 9, 2020, Hurricane Delta caused significant damages to the Complainants' Property and exacerbated damages caused by Hurricane Laura.

16.

Complainants promptly reported the loss to **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON.**

17.

As soon as practicable, Complainants took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

18.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** was given full access to the Property and their ability to re-inspect was not limited by the Complainants in any way.

19.

The inspection of the Property on behalf of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

20.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to the Complainants based upon the inadequate inspection.

21.

Complainants were unable to make meaningful repairs to their Property with the insufficient proceeds allowed by **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**.

22.

As a result of **GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to timely and adequately compensate Complainants for their covered losses, they were forced to incur the expense of retaining counsel and other expenses to accurately document their damage.

**C. Proofs of Loss**

23.

On or about **February 22, 2021, March 1, 2021, May 11, 2021,** and **July 6, 2021** a licensed public adjuster inspected the Property on behalf of, and at the extra expense of, the Complainants and created an estimate of damages that documented significantly more damages to the dwelling and other structures than the original estimate prepared on behalf of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**, all of which was as a result of the Insurer's decision to inadequately adjust the claim.

24.

Multiple demands for the release of unconditional tenders were sent to **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** along with Complainants' adjuster's estimate demonstrating the true loss, which include, but are not limited to, that of: **March 3, 2021, March 10, 2021, March 22, 2021, June 10, 2021,** and **June, 23, 2021**.

25.

To date, and despite being provided with satisfactory proofs of loss, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** has chosen to underpay the claims. Defendants is therefore in violation of La. R.S. §22:1892 and §22:1973.

26.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** failed to explain its denial or refusal to unconditionally tender the undisputed amount owed to Complainants.

27.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** failed to investigate or document their reasons for its denial or refusal to unconditionally tender the undisputed amount owed to Complainants.

28.

As a result of **GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair.

29.

The failure of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**, as Complainants' insurer, to make an adequate and timely payment for damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Complainants' extensive damages, thereby rendering **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** liable in bad faith for failure to deal fairly with its insured, and consequently liable to Complainants for all damages under the law for property damages sustained by Complainants due to Hurricanes Laura and Delta, as well as penalties and attorney's fees pursuant to La. R.S. §22:1973.

30.

Upon information and belief, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** misrepresented to Complainants the terms and conditions of the policy.

31.

Upon information and belief, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** conducted the investigation and claims handling for Complainants' claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

32.

Upon information and belief, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** manipulated its pricing software to artificially suppress the cost of repairs below market value.

33.

Upon information and belief, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

34.

Complainants have incurred or will incur additional expenses in restoring the Property as a result of **GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to timely compensate them for their substantial and covered losses.

35.

Complainants have incurred and will continue to incur additional living expenses/loss of use as a result of the damages caused to their Property by Hurricanes Laura and Delta, including those additional living expenses that will be incurred during the repair of the Property.

IV.  **CAUSES OF ACTION**

A.  **Breach of the Insurance Contract**

36.

Complainants re-allege and re-aver the allegations contained in paragraphs 1-35, above, as if restated herein.

37.

An insurance contract, the Policy, exists between Complainants and **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**.

38.

The Policy provides coverages for perils including hurricanes.

39.

Despite having received satisfactory proofs of loss for damages caused by Hurricanes Laura and Delta, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** failed to timely tender adequate insurance proceeds as required by the Policy.

40.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**.

41.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of Complainants.

42.

By misrepresenting the terms and conditions of the Policy, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** breached the Policy.

43.

By failing to conduct the claims handling for Complainants claims in good faith and with fair dealing, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** breached the Policy.

44.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** breached the Policy.

45.

By failing to include adequate overhead and profit in its estimates of damages, **GREAT LAKES INSURANCE SE** breached the Policy.

46.

Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

B. <u>**Bad Faith**</u>

47.

Complainants re-allege and re-aver the allegations contained in Paragraphs 1-46 above as if restated herein.

48.

The actions and/or inactions of **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with Louisiana's bad faith statutes,

La R.S. §22:1892 and §22:1973, making **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** liable for statutory bad faith penalties.

49.

Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. §22:1973.

50.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. §22:1973.

51.

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

52.

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** is in violation of La. R.S. §22:1973 and §22:1892 for failing to provide Complainants adequate payment in connection with their claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainants.

53.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** misrepresentation of the relevant facts and/or terms of the Policy was in bad faith.

54.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

55.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to pay timely for damages it knew or should have known existed at the time it received the independent proofs of loss from Complainants was in bad faith.

56.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

57.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** failure to include adequate overhead and profit in its estimates of damages was in bad faith.

58.

**GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** handling of Complainant's claims was in bad faith.

## V. DAMAGES

59.

Complainants re-allege and re-aver the allegations contained in Paragraphs 1-58 above as if restated herein.

60.

As a result of **GREAT LAKES INSURANCE SE'S** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S** breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

a. Diminution in value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Business Interruption;

f. Loss of use expenses;

g. Penalties delineated in La. R.S. §22:1892 and §22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, Complainants, **RMO INVESTMENTS, LLC** and **RMO PROPERTIES, LLC**, pray that Defendants, **GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there by a judgment entered in favor of Complainants and against

**GREAT LAKES INSURANCE SE** and **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

COMPLAINANTS FURTHER PRAY for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

*s/ J. Lee Hoffoss, Jr.*
J. LEE HOFFOSS, JR. (29254)
Email: lee@hdinjurylaw.com
CLAUDE P. DEVALL (29148)
Email: tclaude@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone:  (337) 433-2053
Facsimile:   (337) 433-2055

COUNSEL FOR PLAINTIFFS, RMO INVESTMENTS, LLC AND RMO PROPERTIES, LLC